UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
98 MAY 18 PH 3: 38
U.S. DIST.
N.D. OF ALABAMA

| | |
|---|---|
| CHARLES K. BURROUGHS, JR., | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 98-N-0578-E |
| TYSON FOODS, INC., | ] |
| Defendant(s). | ] |

ENTERED
MAY 19 1998

## Memorandum of Decision

The Court currently has for consideration the plaintiff's March 18, 1998, motion to amend the complaint to add Kenneth Sanders as an additional party defendant, and the defendant's April 9, 1998, motion to dismiss.

The plaintiff argues that his motion for leave to amend the complaint should be granted because he "inadvertently did not include Kenneth Sanders as a party defendant." *Plaintiff's Memorandum Supporting the Granting of the Plaintiff's Motion for Leave to Amend and Denial of Defendant's Motion to Dismiss*, at 2 (non-paginated). Rule 15, Fed. R. Civ. P., provides that, generally, leave to amend pleadings "shall be freely given when justice so requires." However, because diversity was the primary basis for removal of this action from state to federal court, and because the plaintiff's motion for leave to amend seeks to add a non-diverse defendant whose joinder would destroy that jurisdictional basis, the motion is governed by 29 U.S.C. § 1447(e), which provides that, "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny the joinder, or permit joinder and remand the action to the

10

State court." As one court recently explained, "[t]he Court's decision is discretionary, and it must take into account the defendant's interest in its choice of forum." *Wells v. Certainteed Corporation*, 950 F. Supp. 200, 201 (E.D. Mich. 1997).

Without doubt, the plaintiff has been aware since August 19, 1996, of Mr. Sanders' alleged involvement in the present case, yet in this original complaint, dated February 9, he did not list Mr. Sanders as a defendant. As the defendant points out, the fact that after a year and a half of reflection, the plaintiff identifies Mr. Sanders and his role in the events forming the basis of the complaint, yet does not name him as a defendant, suggests a conscious decision *not* to name Mr. Sanders as a defendant. A mere five days after the defendant removed the case to this court, the plaintiff moved to amend to add Mr. Sanders, a non-diverse party, as a defendant. This fact points strongly to the conclusion that the plaintiff may have been motivated more by a desire to defeat the Court's diversity jurisdiction than to further the ends of justice. *See, e.g., Esther Le Duc v. Jacqueline Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991). The motion to amend to add Kenneth Sanders as a defendant will be denied.

Turning now to the defendant's 12(b)(6) motion to dismiss, the Court notes first that the plaintiff "does not oppose the defendant's motion to dismiss the claims of outrage and fraud." *Plaintiff's Memorandum Supporting the Granting of the Plaintiff's Motion for Leave to Amend and Denial of Defendant's Motion to Dismiss*, at 4 (non-paginated). Those claims will be dismissed by agreement. As to the remaining claims of negligence and wantonness, the plaintiff has been given a fair and complete opportunity to identify any existing authority, binding or persuasive, that would lend support to the claims as stated

2

or otherwise. Instead, the plaintiff admits in his submission that such claims are "unusual," *Plaintiff's Memorandum*, at 2 (non-paginated), and also fails to direct the court's attention to even one case, from this or any other jurisdiction, or any Alabama statute that would support his claims.

The Court readily concedes that it does not always comprehend the footing upon which many of the multitudinous modern theories of tort liability rest. In the present case, it is unable to divine any legal theory of liability that would give rise to claims based upon the facts alleged in this case. The plaintiff, after having been given an opportunity, has failed to provide any assistance. In this vein, the Court also notes that the defendant has alternatively asserted in its pleadings that the plaintiff's claims are, in actuality, ERISA claims for which the court has original federal question jurisdiction. Yet, the defendant, also given an opportunity to do so, has failed to explain how such claims arise under ERISA.

The motion to dismiss all the claims in this action should and will be granted by separate order.

Done, this 18th of May, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE